IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ADRIAN THOMAS,<br>　　　　　Plaintiff, | §<br>§<br>§ |
| vs. | §<br>§   NO: MO-25-CV-00350-DC |
| JAIL ADMINISTRATOR MIKE GRIFFIS,<br>　　　　　Defendant. | §<br>§<br>§ |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mike Griffis, Defendant, in the above-styled and numbered cause, and files this their Answer to Plaintiff's Complaint, and would respectfully show the Court as follows:

### MOTION TO DISMISS

1.　Defendant Mike Griffis files this Motion to Dismiss pursuant to the Prison Litigation Reform Act as the Plaintiff has plead in paragraph III of his Complaint that the act or omission of which he is claiming involves "jail safety standards." Plaintiff then seeks money damages in the amount of $10,000,000.00 for compensatory damages and the amount of $20,000,000.00 in the amount of punitive damages. The Prison Litigation Reform Act provides that no federal civil action may be brought by a prisoner... for mental or emotional injuries suffered while in custody without a prior showing of physical injury or the commission of a sexual act. 42 USC § 1997(e). The Fifth Circuit has held that this requirement applies all federal civil actions which a prisoner alleges a constitutional violation. The application of the Prison Litigation Reform Act is based upon the relief sought, and not the underlying substantiative violation. *Jones v Potter County Detention*

*Center*, 225 U.S. Dist. LEXIS 186858 United States District, N.D. Texas, Amarillo Division, citing *Mayfield v Texas Department of Criminal Justice*, 529 F.3rd, 599 (5th Cir. 2008). In addition, the Defendant has affirmatively plead failure to exhaust administrative remedies which is a prerequisite to maintaining suit pursuant to the Prison Litigation Reform Act.

2. "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff has neither pled nor offered any evidence of exhaustion of administrative remedies. The Plaintiff as the burden to demonstrate any defenses to exhaustion that may be applicable. See *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001). Moreover, even when exhaustion is precluded because of unmet deadlines for exhausting administrative remedies, the action is still dismissible and with prejudice. See *Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 278-81 (5th Cir. 2006) (dismissing an inmate's claim with prejudice when the inmate failed to initiate his administrative remedy within a 90-day deadline). "[I]t is not for the courts to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness. Under § 1997e(a), a prisoner must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003) (citing *Booth v. Churner*, 532 U.S. 731, 740 n.5 (2001) and *Wright*, 260 F.3d at 258) (internal citations and quotations omitted). The Court should "not read futility or other exceptions into statutory exhaustion

requirements where Congress has provided otherwise." *Booth*, 532 U.S. at 741, n.6. Substantial compliance is insufficient; administrative remedies must be pursued to conclusion. *Wright*, 260 F.3d at 258.

3. Plaintiff has failed to plead the exhaustion of his administrative remedies or establish a defense to exhaustion; Plaintiff has also failed to state plausible claims on which relief can be granted. And therefore, even if Plaintiff's factual allegations are assumed to be true, they do not show a right to relief that is justiciable. *Twombly*, 550 U.S. at 555; see *Iqbal*, 556 U.S. at 678-79. Plaintiff's claims should be dismissed.

## DEFENDANT'S ANSWER

4. Defendant admits the allegations in paragraph I of Plaintiff's Complaint.

5. Defendant admits the allegations in paragraph II of Plaintiff's Complaint.

6. Defendant admits the allegations in paragraph III of Plaintiff's Complaint.

7. Defendant admits the allegations in paragraph IV of Plaintiff's Complaint.

8. Defendant denies the allegations in paragraph V of Plaintiff's Complaint.

9. Defendant denies the allegations in paragraph VI of Plaintiff's Complaint.

10. Defendant denies the allegations in paragraph VII of Plaintiff's Complaint.

11. Defendant denies the allegations in paragraph VIII of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

12. Defendant asserts the defense of immunity, both absolute and qualified, for all allegations alleged in Plaintiff's Complaint.

13. Defendant affirmatively plead that he is an employee of a governmental entity and as the entity's employees, are protected by official immunity, as all actions or inactions were performed as discretionary duties in good faith and within the scope of their authority at the time Plaintiff's claims arose.

14. Defendant affirmatively plead that there is no official policy or custom of Ector County adopted by Ector County that resulted in any damages to the Plaintiff.

15. Defendant affirmatively alleges that the Plaintiff has failed to exhaust his administrative remedies with respect to the claims made the basis of this lawsuit as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

16. Defendant seeks to recover of attorneys' fees and costs as provided by law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing against Defendant and that Defendant be dismissed and recover all costs incurred, including attorney's fees and such other, further relieved to which it may show himself justly entitled.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas  79760-1311
(432) 367-7271
FAX:  (432) 363-9121
ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

    I certify that on the 7th day of October, 2025, a true and correct copy of the above and foregoing was sent to the Plaintiff counsel via efiling and USPS mail:

Adrian Thomas #71213
c/o P.O. Box 331
Odessa, Texas 79760

Adrian Thomas
5607 McKnight Dr.
Odessa, Texas 79762

                                            */s/ Denis Dennis*
                                            DENIS DENNIS